MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DANNI A BETANCOURT, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

DIBELLA CORP.   (D/B/A LA VILLA), ALFRED DISCIPIO (A.K.A. ALFRED DI SCIPIO), WILLIAM RUBIN (A.K.A. BILLY RUBIN), and IRENE DISCIPIO (A.K.A. IRENE DI SCIPIO),

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

     Plaintiff Danni A Betancourt ("Plaintiff Betancourt" or "Mr. Betancourt"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Dibella Corp. (d/b/a La Villa), ("Defendant Corporation"), Alfred Discipio (a.k.a. Alfred Di Scipio),  William Rubin (a.k.a. Billy Rubin), and  Irene Discipio (a.k.a. Irene Di Scipio), ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

    1.    Plaintiff Betancourt is a former employee of Defendants Dibella Corp. (d/b/a La Villa), Alfred Discipio (a.k.a. Alfred Di Scipio), William Rubin (a.k.a. Billy Rubin), and Irene Discipio (a.k.a. Irene Di Scipio).

2.    Defendants own, operate, or control an Italian restaurant and pizzeria, located at 261-263 5th Ave., Brooklyn, NY 11215 under the name "La Villa".

3.    Upon information and belief, individual Defendants Alfred Discipio (a.k.a. Alfred Di Scipio), William Rubin (a.k.a. Billy Rubin), and Irene Discipio (a.k.a. Irene Di Scipio), serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Betancourt was an employee of Defendants.

5.    Plaintiff Betancourt was employed as a waiter at the restaurant located at 261-263 5th Ave., Brooklyn, NY 11215.

6.    At all times relevant to this Complaint, Plaintiff Betancourt worked for Defendants in excess of 40 hours per week, without appropriate minimum or tip-credit wage rate, overtime, and spread of hours compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Betancourt appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Betancourt the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants employed and accounted for Plaintiff Betancourt as a waiter in their payroll.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Betancourt at a rate that was lower than the required tip-credit rate.

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Betancourt's actual duties in payroll records by designating him as a waiter

instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Betancourt at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

12.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Betancourt's and other tipped employees' tips and made unlawful deductions from Plaintiff Betancourt's and other tipped employees' wages.

13.     Defendants' conduct extended beyond Plaintiff Betancourt to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Betancourt and other employees to work in excess of forty (40) hours per week without providing the minimum or tip-credit wage rate and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Betancourt now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Betancourt now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Betancourt's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant and pizzeria located in this district. Further, Plaintiff Betancourt was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19.     Plaintiff Danni A Betancourt ("Plaintiff Betancourt" or "Mr. Betancourt") is an adult individual residing in Queens County, New York.

20.     Plaintiff Betancourt was employed by Defendants at La Villa from approximately summer 2001 until on or about June 2016.

21.     Plaintiff Betancourt consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant and pizzeria, located at 261-263 5th Ave., Brooklyn, NY 11215 under the name "La Villa".

23.     Upon information and belief, Dibella Corp. (d/b/a La Villa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 261-263 5th Ave., Brooklyn, NY 11215.

24.     Defendant Alfred Discipio (a.k.a. Alfred Di Scipio) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alfred Discipio (a.k.a. Alfred Di Scipio) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alfred Discipio (a.k.a. Alfred Di Scipio) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Betancourt, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant William Rubin (a.k.a. Billy Rubin) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant William Rubin (a.k.a. Billy Rubin) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant William Rubin (a.k.a. Billy Rubin) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Betancourt, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Irene Discipio (a.k.a. Irene Di Scipio) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Irene Discipio (a.k.a. Irene Di Scipio) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Irene Discipio (a.k.a. Irene Di Scipio) possesses operational

control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Betancourt, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate an Italian restaurant and pizzeria located in the Park Slope area in Brooklyn.

28.     Individual Defendants, Alfred Discipio (a.k.a. Alfred Di Scipio), William Rubin (a.k.a. Billy Rubin), and Irene Discipio (a.k.a. Irene Di Scipio), possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Betancourt's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Betancourt, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Betancourt (and all similarly situated employees) and are Plaintiff Betancourt's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Betancourt and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Alfred Discipio (a.k.a. Alfred Di Scipio), William Rubin (a.k.a. Billy Rubin), and Irene Discipio (a.k.a. Irene Di Scipio) operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Betancourt's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Betancourt, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Betancourt's services.

35.     In each year from 2012 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Betancourt is a former employee of Defendants who was employed as a waiter. Plaintiff Betancourt seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Danni A Betancourt*

38.     Plaintiff Betancourt was employed by Defendants from approximately the summer of 2001 until on or about June 2016.

39.     Defendants ostensibly employed Plaintiff Betancourt as a waiter.

40.     Plaintiff Betancourt regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Betancourt's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Betancourt regularly worked in excess of 40 hours per week.

43.     From approximately February 2012 until on or about June 2016, Plaintiff Betancourt worked as a waiter from approximately 10:30 a.m. until on or about 9:00 p.m., Tuesdays,

Wednesdays and Thursdays and from approximately 4:30 p.m. until on or about 12:00 a.m., Fridays and Saturdays (typically 46.5 hours per week).

44.     Throughout his employment, except on one or two occasions where he was paid by check, Defendants paid Plaintiff Betancourt his wages in cash.

45.     From approximately February 2012 until on or about June 2016, Defendants paid Plaintiff Betancourt $4.00 per regular and overtime hour.

46.     Plaintiff Betancourt's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Betancourt to start working 30 minutes prior to his scheduled start time every day, and did not pay him for the additional time he worked.

48.     Defendants withheld a portion of Plaintiff Betancourt's tips; specifically, Defendants pocketed approximately $20 of his tips per week.

49.     Plaintiff Betancourt was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.     Defendants required Plaintiff Betancourt to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Betancourt regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Betancourt an accurate statement of wages, as required by NYLL 195(3).

53.     In fact, Defendants adjusted Plaintiff Betancourt's paystubs so that they reflected inaccurate wages and hours worked.

54.    Specifically, Plaintiff Betancourt's paystubs falsely stated that he was getting paid $15 per hour.

55.    Defendants did not give any notice to Plaintiff Betancourt, in English and in Spanish (Plaintiff Betancourt's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.    Defendants required Plaintiff Betancourt to purchase "tools of the trade" with his own funds—including four pants, nine shirts and two pairs of shoes per year.

*Defendants' General Employment Practices*

57.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Betancourt (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

58.    Plaintiff Betancourt was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.    Defendants' pay practices resulted in Plaintiff Betancourt not receiving payment for all his hours worked, and resulting in Plaintiff Betancourt's effective rate of pay falling below the required minimum wage rate.

60.    Defendants habitually required Plaintiff Betancourt to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

61.    Plaintiff Betancourt and all other tipped workers were paid at a rate that was lower than the required tip-credit rate by Defendants.

62.      In violation of federal and state law as codified above, Defendants classified Plaintiff Betancourt and other tipped workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate.

63.      Defendants failed to inform Plaintiff Betancourt who received tips that Defendants intended to take a deduction against Plaintiff Betancourt's earned wages for tip income, as required by the NYLL before any deduction may be taken.

64.      Defendants failed to inform Plaintiff Betancourt who received tips, that his tips were being credited towards the payment of the minimum wage.

65.      Defendants failed to maintain a record of tips earned by Plaintiff Betancourt for the tips he received.

66.      As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Betancourt who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Betancourt and all other waiters of a portion of the tips earned during the course of employment.

67.      Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

68.      Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

69.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Betancourt worked.

71.     Defendants required Plaintiff Betancourt to sign a document the contents of which he was not allowed to review in order to release his wages.

72.     Defendants issued check stubs for Plaintiff Betancourt which falsely stated that they paid him $15 per hour.

73.     Plaintiff Betancourt was paid his wages mostly in cash (except on one or two occasions where he was paid by check).

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Betancourt (and similarly situated individuals) worked, and to avoid paying Plaintiff Betancourt properly for his full hours worked.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Betancourt and other similarly situated former workers.

78.     Defendants failed to provide Plaintiff  Betancourt and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiff Betancourt and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

80.      Plaintiff Betancourt brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

81.     At all relevant times, Plaintiff Betancourt and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

82.     The claims of Plaintiff Betancourt stated herein are similar to those of the other employees.

## <u>FEDERAL RULE 23 CLASS ACTION ALLEGATIONS</u>

83.     Plaintiff Betancourt sues on his  own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

84.     Plaintiff Betancourt brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Betancourt, are referred to herein as the "Class."

85.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

86.     There are questions of law and fact common to the Class including:

    a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

   c)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

   d)   Whether Defendants failed and/or refused to pay Plaintiff Betancourt the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

   e)   Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

   f)   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

   g)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

   h)   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

87.    The claims of the representative parties are typical of the claims of the class. Plaintiff Betancourt and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

88.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

89.    The common questions of law and fact predominate over questions affecting only individual members.

90.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

91.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

92.     Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Betancourt's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Betancourt (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants failed to pay Plaintiff Betancourt (and the FLSA and Rule 23 Class

members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.    Defendants' failure to pay Plaintiff Betancourt (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.    Defendants' failure to pay Plaintiff Betancourt (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiff Betancourt (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Betancourt (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiff Betancourt (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Betancourt (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

104.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Betancourt's (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Betancourt, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

106.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Betancourt (and the FLSA and Rule 23 class members)less than the minimum wage.

107.    Defendants' failure to pay Plaintiff Betancourt(and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Betancourt (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

109.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Betancourt (and the FLSA and

Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiff Betancourt (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Betancourt (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

113.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiff Betancourt(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Betancourt's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

115.    Defendants' failure to pay Plaintiff Betancourt(and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiff Betancourt's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

116.    Plaintiff Betancourt (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

117.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiff Betancourt with a written notice, in English and in Spanish (Plaintiff Betancourt's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Betancourt in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

120.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

121.    With each payment of wages, Defendants failed to provide Plaintiff Betancourt with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

122.    Defendants are liable to Plaintiff Betancourt in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

123.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

124.    Defendants required Plaintiff Betancourt to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiff Betancourt (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

126.    Plaintiff Betancourt repeats and realleges all paragraphs above as though fully set forth herein.

127.    At all relevant times, Defendants were Plaintiff Betancourt's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

128.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

129.    Defendants unlawfully misappropriated a portion of Plaintiff Betancourt's tips that were received from customers.

130.    Defendants knowingly and intentionally retained a portion of Plaintiff Betancourt's tips in violations of the NYLL and supporting Department of Labor Regulations.

131.    Plaintiff Betancourt (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Betancourt respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Betancourt and the FLSA and Rule 23 Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Betancourt and the FLSA and Rule 23 Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Betancourt's and the

FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Betancourt and the FLSA and Rule 23 Class members;

(f)      Awarding Plaintiff Betancourt and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Betancourt and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Betancourt;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Betancourt;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Betancourt(FLSA and Rule 23 Class members);

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Betancourt's and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(m)      Awarding Plaintiff Betancourt and members of the FLSA and Rule 23 Class

damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiff Betancourt and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Betancourt and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Betancourt and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Betancourt and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Betancourt demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

February 23, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

February 22, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Danni A Betancourt

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         22 de febrero 2018